IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GREGORY S. MILLER and
MYONG MILLER,

        Plaintiffs,

vs.

MERCHANTS CREDIT ADJUSTERS, INC.,

        Defendant.

8:14CV359

ORDER

This matter is before the court on the plaintiffs', Gregory S. Miller (Mr. Miller) and Myong Miller, Motion to Amend Complaint (Filing No. 20). The plaintiffs filed a brief (Filing No. 21) and index of evidence (Filing No. 22) in support of the motion. The defendant filed a brief (Filing No. 23) in response. The plaintiffs filed a brief (Filing No. 24) and index of evidence (Filing No. 25) in reply.

## BACKGROUND

This action originates from numerous automated "robo-calls"[1] Mr. Miller received on his cellular telephone from the defendant, without his prior express consent, in an attempt to collect a debt not owed by Mr. Miller. The defendant admits it unknowingly called the wrong number. The plaintiffs allege the defendant sought collection on behalf of two creditors: Alegent Bergan Mercy and Debra S. West, DDS. The plaintiffs now seek to add these two newly identified creditors as defendants. **See** Filing No. 20 - Motion; Filing No. 21 - Brief. The plaintiffs contend, based on the theory of respondeat superior, these two creditors bear the same legal liability as the defendant under the Telephone Consumer Protection Act (TCPA) for the defendant's unconsented robo-calls. **See** Filing No. 21 - Brief p. 3 (**citing *In re Joint Petition filed by Dish Network, LLC***, 28 F.C.C.R. 6574 (2013); Restatement (Third) of Agency §§ 7.03(1) & (2), 7.03 cmt b, and 7.06; and ***In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991***, 23 F.C.C.R. 559, 565 ¶ 10 (2008) (2008 Federal Communications Commission (FCC) Order)).

---

[1] The plaintiffs allege the defendant called Mr. Miller using an automatic telephone dialing system and/or delivered prerecorded or artificial voice messages. **See** Filing No. 1 - Complaint ¶¶ 23, 31.

The defendant argues the plaintiffs have failed to properly plead the creditors' liability under respondeat superior.  **See** Filing No. 23 - Response.  The defendant contends the plaintiffs' claims against the creditors are futile because there are no facts supporting the allegation the creditors are vicariously liable for the defendant's acts.  **Id.** at 2.  The defendant argues it is an independent contractor and the creditors have no control over the defendant.  **Id.**  The defendant asserts any allegation it is a servant or employee of the creditors is false.  **Id.**

In reply, the plaintiffs contend they plausibly alleged the existence of a principal-agent relationship and the creditors' liability under respondeat superior.  **See** Filing No. 24 - Reply p. 1-5.  The plaintiffs argue there is likely an agreement between the creditors and the defendant which would give rise to the principal-agent relationship.  **Id.** at 5.[2]  The plaintiffs assert the 2008 FCC Order holds the creditors liable for the defendant's illegal robo-calls.  **Id.** at 5-6.  Even assuming the court finds the plaintiffs cannot pursue recovery under the doctrine of respondeat superior, the plaintiffs argue the 2008 FCC Order allows the plaintiffs recovery against the creditors.  **Id.** at 6-9.

### ANALYSIS

A court should grant leave to amend freely "when justice so requires."  Fed. R. Civ. P. 15.  Nevertheless, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.  Duplicative and frivolous claims are futile."  **Reuter v. Jax Ltd., Inc.**, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted).  There is no absolute right to amend.  **See Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935, 948 (8th Cir. 2012).  Whether to grant a motion for leave to amend is within the sound discretion of the district court.  **See Popoalii v. Corr. Med. Servs.**, 512 F.3d 488, 497 (8th Cir. 2008).

A district court's denial of leave to amend a complaint may be justified if the amendment would be futile.  **See Silva v. Metro. Life Ins. Co.**, 762 F.3d 711, 719 (8th Cir. 2014); **see also Geier v. Mo. Ethics Comm'n**, 715 F.3d 674, 678 (8th Cir. 2013).

---

[2]   The plaintiffs note no discovery has occurred regarding such an agreement because the creditors' names were revealed shortly before the plaintiffs filed the instant motion.  **See** Filing No. 24 - Reply p. 5, n. 1.

2

"The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006) (internal citation omitted); see *Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 348 (8th Cir. 2013). "[L]ikelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" or "legally insufficient on its face." *Becker*, 191 F.3d at 908; *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994) (citation omitted). "When the court denies leave [to amend] on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[.]" *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012) (first alteration in original) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (**quoting** *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (**quoting** *Twombly*, 550 U.S. at 555).

Particular to matters involving the TCPA, the FCC has indicated creditors "on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation [under the TCPA]. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. at 565 ¶ 10 (2008); **see also** *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574 (2013). "While section 227(b) does not contain a provision that specifically mandates or prohibits vicarious liability, we clarify that the prohibitions contained in section 227(b) incorporate the federal common law of agency and that

such vicarious liability principles reasonably advance the goals of the TCPA." *In re the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C.R. at 6587-89 ¶¶ 35, 38 (2013) (citing the 2008 FCC Order and stating "[c]onstruing the TCPA prohibitions contained in section 227(b) to incorporate agency principles is also consistent with our administrative precedent"); see also *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, at *4-5 (N.D. Ill. Mar. 19, 2013) ("[T]he TCPA creates a form of vicarious liability making an entity liable when a third party sends unsolicited communications on its behalf in violation of the [TCPA]."). Rulings from the Supreme Court and other courts also support the application of traditional notions of agency law. See *Meyer v. Holley*, 537 U.S. 280, 285 (2003) (stating when Congress creates a tort action, "it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules"); *United States v. Texas*, 507 U.S. 529, 534 (1993) ("In order to abrogate a common-law principle, the statute must speak directly to the question addressed by the common law.") (internal quotation marks omitted)); *Jackson v. Caribbean Cruise Line, Inc.*, 2015 WL 667862, at *4-7 (E.D.N.Y. Feb. 17, 2015) (applying traditional theories of vicarious liability in actions under the TCPA absent Congressional intent to the contrary) (collecting cases).

The plaintiffs advance the theory the defendant is the agent of the principal creditors and therefore the creditors are liable under the doctrine of respondeat superior.

> An "agent" is a person authorized by the principal to act on the principal's behalf and under the principal's control. For an agency relationship to arise, the principal "manifests assent" to the agent that the agent will "act on the principal's behalf and subject to the principal's control." And the agent "manifests assent or otherwise consents so to act."

*Koricic v. Beverly Enter.-Neb., Inc.*, 773 N.W.2d 145, 150 (Neb. 2009) (internal citations omitted).[3] "Under the doctrine of respondeat superior, an employer is held vicariously liable for the negligent acts of an employee committed while the employee was acting within the scope of the employer's business." *Reeder v. State Through Dep't of Soc. Servs.*, 578 N.W.2d 435, 439 (Neb. 1998).

---

[3] The parties do not explicitly state Nebraska law controls; however, the parties cite to Nebraska law, the acts occurred in Nebraska, the plaintiffs reside in Nebraska, and the defendant transacts business in Nebraska.

While the 2008 FCC Order clarified creditors may be responsible for violations of the TCPA, the principles of vicarious responsibility nevertheless remain applicable. **See** *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 100 (N.D. Ill. 2013) (stating that under the 2008 FCC Order the creditor would be liable for calls a debt collector made if the debt collector was the creditor's agent and noting an agency relationship arises when the agent acts on the principal's behalf and subject to the principal's control); **see also** *Addison Automatics, Inc. v. RTC Grp., Inc.*, 2013 WL 3771423, at *4-5 (N.D. Ill. July 16, 2013) (same). In this case, to have a claim of relief against the creditors under the theory of respondeat superior based on an agency relationship between the defendant and the creditors, the defendant must have worked on behalf of and under the control of the creditors. The plaintiffs' proposed amended complaint is devoid of any factual allegation the creditors controlled the defendant's debt collection activities. Instead, the plaintiffs allege the creditors are the defendant's clients and, in conclusory fashion, the defendant was "the servant, employee, and/or other representative" of the creditors and acted in the scope of an agency relationship. **See** Filing No. 22-1 - Proposed Amended Complaint ¶¶ 7-8, 12-13. Then the plaintiffs aver that because the defendant called Mr. Miller's phone "in an attempt to collect a debt owed to Defendant Creditors," even though Mr. Miller did not have any business or contact with the creditors, the:

> Defendant Creditors are liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by Defendant MCA, including but not limited to violations of the TCPA and state law regarding the invasion of one's personal privacy.

*Id.* ¶ 35, 41, 43, 45, 58. While detailed factual assertions are not required, the plaintiffs are required to provide more than just labels and conclusions. Even assuming the existence of contracts between the defendant and the two creditors, such contracts do not translate into control of the defendant's operations. **See** *Jackson*, 2015 WL 667862, at *7 (stating the existence of a contract does not necessarily signify an agency relationship). The defendant has sustained its burden to show the claims against the creditors are futile considering there is insufficient factual basis for the court to infer the creditors controlled the defendant's operations. After reviewing the proposed amended complaint, in applying the standard applicable to the determination of a motion to

5

dismiss for failure to state a cause of action and viewing the allegations in a light most favorable to the plaintiffs and drawing all reasonable inferences in their favor, the court finds the proposed amended complaint does not contain sufficient factual matter, which if accepted as true, states a claim to relief against the two creditors that is plausible on its face. **See** *Twombly*, 550 U.S. at 570.

The plaintiffs also propose other amendments to the complaint, such as clarifying dates and the number of calls made to the plaintiffs. **See** Filing No. 20 - Motion p. 1-2 Bullet Points 1 and 2. The defendant did not oppose these amendments. Therefore, the plaintiffs may file an amended complaint with those amendments on or before May 8, 2015. Upon consideration,

**IT IS ORDERED**:

The plaintiffs' Motion to Amend Complaint (Filing No. 20) is granted to the extent the plaintiffs may make the amendments identified in Bullet Points 1 and 2 of their motion, and denied in all other respects.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 6th day of May, 2015.

        BY THE COURT:

        s/ Thomas D. Thalken
        United States Magistrate Judge