IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY S. MILLER, MYONG MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> MERCHANTS CREDIT ADJUSTERS, INC., <br><br> Defendant. | **8:14CV359** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiffs' objection, Filing No. 28, to the order of the magistrate judge, Filing No. 26.  This action involves numerous "robo-calls" made by the defendant to the plaintiff, allegedly in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S. C. § 227.  Plaintiff filed a motion to add additional parties, Filing No. 20, which the magistrate judge denied.  Plaintiff objects and appeals.

The defendant is a credit bureau, and it admits to making numerous calls to the plaintiffs.  Defendant also admits that it unknowingly called the plaintiffs and that it called the wrong number.   Defendant worked for Alegent Bergan Mercy and Dr. Debra S. West, DDS, undertaking collection work on behalf of these two creditors.  The plaintiffs argue that based on respondeat superior, these two creditors share in the same legal liability as the defendant.  The defendant contends that the plaintiffs failed to show that either respondeat superior, an agency relationship or some sort of vicarious liability is applicable in this case.

A court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15.  Rule 15 (a) provides that:

(a) party may amend his pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(B). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)*. "There is no absolute right to amend after the deadline for amendment in a scheduling order, and a court may deny the motion based on undue prejudice to the other party." *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010) "[L]ikelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. University of Nebraska at Omaha,* 191 F.3d 904, 908 (8th Cir. 1999); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 225 (8th Cir. 1994) (citation omitted).

The magistrate judge reviewed the law and facts in this case. The magistrate judge denied the motion to amend the complaint, concluding that:

In this case, to have a claim of relief against the creditors under the theory of respondeat superior based on an agency relationship between the defendant and the creditors, the defendant must have worked on behalf of and under the control of the creditors. The plaintiffs' proposed amended complaint is devoid of any factual allegation the creditors controlled the defendant's debt collection activities. Instead, the plaintiffs allege the creditors are the defendant's clients and, in conclusory fashion, the defendant was "the servant, employee, and/or other representative" of the creditors and acted in the scope of an agency relationship.

Filing No. 26, at 5.

Plaintiffs object to the order of the magistrate judge, contending that the proposed defendants are the original creditors for whom the "robo-calls" were made by the defendant.  Further, plaintiffs contend that it is still early in the case and no one will be prejudiced by the addition of the two new defendants.

Congress enacted the TCPA to protect consumers from the "proliferation of intrusive … [telemarketing] calls to their homes." *Mims v. Arrow Fin. Servs., LLC,* 132 S.Ct. 740, 745 (2012). Although most states had enacted legislation restricting telemarketing, members of Congress believed that federal law was necessary because telemarketers could evade state law through interstate operations. *Id.* The TCPA thus prohibits "any person within the United States, or any person outside the United States if the recipient is within the United States," from using prerecorded messages to call phone lines without prior consent, "unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under ¶ 2(B), 47 U.S.C. § 227(b)(1)(B)." *Golan v. Veritas Entm't, LLC,* No. 14-2484, 2015 WL 3540573, at *4 (8th Cir. June 8, 2015)

A number of Courts as well as the Federal Communications Commission (FCC) have weighed in on this issue.  "While section  227(b) does not contain a provision that specifically mandates or prohibits vicarious liability, we clarify that the prohibitions contained in section 227(b) incorporate the federal common law of agency and that such vicarious liability principles reasonably advance the goals of the TCPA." In re the Joint Petition Filed by *Dish Network, LLC,* 28 F.C.C.R. at 6587-89 ¶¶ 35, 38 (2013) (citing the 2008 FCC Order and stating "[c]onstruing the TCPA prohibitions contained in

section 227(b) to incorporate agency principles is also consistent with our administrative precedent"); *see also Bridgeview Health Care Ctr. Ltd. v. Clark,* 2013 WL 1154206, at *4-5 (N.D. Ill. Mar. 19, 2013) ("[T]he TCPA creates a form of vicarious liability making an entity liable when a third party sends unsolicited communications on its behalf in violation of the [TCPA]."). "Under the doctrine of respondeat superior, an employer is held vicariously liable for the negligent acts of an employee committed while the employee was acting within the scope of the employer's business." *Reeder v. State Through Dep't of Soc. Servs.,* 578 N.W.2d 435, 439 (Neb. 1998).   Further the Commission has stated:   "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *Federal Communications Commission, Declaratory Ruling,* CG Docket No. 02-278, FCC 07-232.

A seller that itself has not made a call within the meaning of the TCPA "nonetheless may be held vicariously liable under federal common law principles of agency for violations ... that are committed by third-party telemarketers." In the Matter of the Joint Petition Filed by *Dish Network, LLC, et al.,* 28 F.C.C. Rcd. 6574, 6574 (2013). The FCC further explained that "[p]otential liability under general agency-related principles extend beyond classical agency" to include liability based upon apparent authority and ratification. *Id.* at 6587.   The Ninth Circuit has recently confirmed that a defendant may be held vicariously liable for TCPA violations if the defendant was in an agency relationship with the party who placed the calls. *See Gomez v. Campbell–Ewald Co.,* 13–55486, 768 F.3d 871, 877 (9th Cir. 2014) ("a defendant may be held vicariously

4

liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller.") *See also, Mey v. Pinnacle Sec., LLC,* 5:11CV47, 2012 WL 4009718 (N.D.W.Va. Sept.12, 2012), (the Court found that the defendant could not be held liable for the TCPA violations of its third-party lead generators because there was no evidence that it exercised any control over the lead generator's manner and means of generating leads, noting the Court reviewed the evidence before making a determination); *Hartley-Culp v. Green Tea Servicing, LLC* 52 F.Supp.3d 700, 703 (M.D. Penn. 2014) (TCPA can impose direct or vicarious liability in connection with calls made by a third party).

The Court notes that plaintiffs have timely filed this motion to amend pursuant to the initial progression order.  *See* Filing No. 12.  Further, plaintiffs did not receive the name of the creditors until April, 2015, and then immediately filed their motion.  The Court agrees with the plaintiffs that an entity can be held liable for calls made on its behalf by a third party collector, as discussed by the cases previously cited herein.  Any other factual determination at this time is premature.  Therefore, the Court is going to allow the plaintiffs to serve the proposed defendants and to conduct discovery related to the issues herein.  The parties are free to assert motions at the appropriate times.

THEREFORE, IT IS ORDERED THAT:

1.  Plaintiffs' motion to amend their complaint, Filing No. 20, is granted.  The plaintiffs shall file their complaint within 7 days of the date of this Memorandum and Order.

2.  The objection of the plaintiffs, Filing No. 28, is granted.

3.  The order of the magistrate judge, Filing No. 26, is overruled.

4.    The plaintiffs shall serve the proposed defendants as soon after the filing of the amended complaint as is practicable.

5.    Once the proposed defendants are served and have responded, the magistrate judge shall proceed to issue a new progression order in accordance with this Memorandum and Order.

Dated this 10th day of July, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge